IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRAVIS L. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-1086-MJR |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### I.    Introduction

This matter is now before the Court on Petitioner Travis Wilson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).[1]  The Government opposes Wilson's Petition arguing that the cases he seeks to rely upon are not retroactively applicable to his sentence, and even if the cases were retroactive, they do not apply to the precise factors that led to his enhanced sentence (Doc. 13).  The Government reserves argument on Wilson's appeal waiver in his plea agreement (Doc. 13 at 3).  Appointed counsel for Wilson replied to the Government's response, agreeing with the Government's interpretation that Petitioner Wilson was not eligible for relief (Doc. 15).  Petitioner Wilson subsequently filed his own reply brief arguing that he was further entitled to relief due to changes in controlling precedent that had occurred from

---

[1] This is Petitioner Wilson's first habeas corpus petition.

the time of the Government and his Counsel's filings and the date of his latest brief (Doc. 19). The matter is now before the Court for a decision. For the reasons set forth herein, the Court finds that Petitioner Wilson is not entitled to the relief he seeks, nor does this case warrant an evidentiary hearing.

## II.    Facts

Pursuant to a plea agreement, Wilson pled guilty to a single-count indictment for possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). (CM/ECF, S.D. Ill., Case No. 13-CR-30036-MJR, Doc. 1). Wilson's plea agreement contained an appeal waiver for direct and collateral appeals (*See Id.* Doc. 43). Following a presentence investigation and an opportunity for counsel to respond, Wilson was committed to the custody of the Bureau of Prisons for a term of 180 months, to be followed by five years of supervised release (*See id.* Doc. 55).

Wilson lodged a direct appeal of his conviction and sentence, despite his appeal waiver. (*See id.* Doc. 59). His original counsel filed an *Anders* brief with the Seventh Circuit seeking to withdraw because the waiver barred the issues Wilson wished to raise (*See id.* Doc. 71). Wilson was given an opportunity to respond to the *Anders* brief, but did not do so. (*Id.*). Wilson's counsel informed the Seventh Circuit that the only grounds for his wish to appeal was to challenge his sentence—a challenge strictly foreclosed by his appeal waiver. Accordingly, the Seventh Circuit granted counsel's *Anders* motion and dismissed the appeal. (*Id.*).

Wilson did not file a petition for habeas corpus within a year of his conviction and sentence becoming final, as is typically required by § 2255(f).  Instead, he waited until October 2, 2015, to file his § 2255 petition, in reliance on "a supreme court decision in 2015 that career criminal guidelines are unconstitutional and void for vagueness, and it is applicable to the residual clause".  (CM/ECF, S.D. Ill., Case No. 15-1086-MJR, Doc. 1 at 5).  Unquestionably, his Petition was filed within a year of any 2015 Supreme Court decision.

In his Petition, Wilson contends that his trial counsel was ineffective for failing to challenge the finding that he was a career criminal.  (Doc. 1 at 6).  Additionally, Wilson contends that his due process rights were violated because the sentencing judge did not follow the joint sentencing recommendation from the Government, and instead departed upward based on the career criminal designation.  (*Id.*).

The Government filed an extensive brief in opposition to Wilson's Petition (Doc. 13).  The Government reserved reliance on the appeal waiver, and instead argued that Petitioner Wilson had no meritorious substantive grounds for relief because his trial counsel was not ineffective for failing to preserve a due process challenge to the sentencing guidelines.  Additionally, the Government argued that subsequent changes in the law regarding armed career criminal statutes do not cross apply to the sentencing guidelines, or even if they do, the changes are procedural in nature and thus are not retroactively applicable.  Though the Government acknowledges a variety of changes in

its own position of the constitutionality of various sentencing provisions and statutes, it argued that all of the recent changes have no net effect on Petitioner's sentence.

Pursuant to a Local Administrative Order 176, the Court appointed a Federal Public Defender to assess the potential career criminal issues with Petitioner's sentence. Counsel filed a reply to the Government's response. (Doc. 15). Counsel averred that he did not believe Petitioner was entitled to relief because two of the prior convictions used to designate him as a career offender did not involve the residual clause—the portion of a sentencing statute found invalid by the Supreme Court. (*Id.* at 3-5). As a result, Counsel opined that Petitioner was not eligible for relief on his petition. (*Id.*).

In September 2016, Petitioner filed a *pro se* reply (Doc. 19) to the Government's Response (Doc. 13). In his reply, Petitioner elaborated upon his initial arguments and sought to supplement those arguments by reference to changes in Seventh Circuit precedent. (Doc. 19). He argued that he should not have been classified as a career criminal, and that he deserves a resentencing. (*Id.*).

### III.    Legal Analysis

Typically, a Section 2255 petition must be lodged within one year of the petitioner's conviction and sentence becoming final. **28 U.S.C. § 2255(f)(1).** However, there are a number of exceptions, such as, Section 2255(f)(3) allowing for an extended one year period to file from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review." In addition to the one year limitations period for filing a petition, there is also a standard requirement that in order to bring a constitutional claim on collateral appeal, the petitioner must also have raised that claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Despite this general requirement, defendants are not required to raise ineffective assistance of counsel claims on direct appeal in order to preserve them for collateral appeal purposes. *Id.* Additionally, this requirement may be excused if the petitioner can demonstrate good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *See e.g. Bousley v. United States*, 523 U.S. 614, 622 (1998); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000).

As for ineffective assistance of counsel claims, in order to prevail on such a claim on collateral review, a petitioner must establish that: "(1) his counsel's performance fell below an objective standard of reasonableness; and, (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial." *Fountain*, 211 F.3d at 434, *quoting Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). Specifically in the context of a claim that counsel was ineffective during plea negotiations, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness' when measured against' prevailing professional norms.'" *Gaylord v.*

*United States*, 829 F.3d 500, 506 (7th Cir. 2016).  Competent counsel will "attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty."  *Id.*  The petitioner must also show that absent counsel's deficient performance, there is a reasonable likelihood that he would not have pleaded guilty, and would have instead gone to trial. *Id.*  Counsel is not ineffective or incompetent for failing to forecast changes in binding precedent.  **See *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law or to press meritless arguments before a court.").**

In a pair of decisions issued on the same day, the Seventh Circuit found that the residual clause of the Sentencing Guidelines--§ 4B1.2(a)(2) was unconstitutionally vague, and that application notes to that provision did not constitute freestanding valid legal authority to classify prior crimes for career offender purposes.  **See *United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016) (overruling prior circuit precedent foreclosing vagueness challenges to the guidelines and holding that the residual clause in § 4B1.2(a)(1) is unconstitutionally vague); *United States v. Rollins*, 836 F.3d 737, 743 (7th Cir. 2016) (holding that the application note to the residual clause of § 4B1.2(a) that listed certain crimes as predicates for career offender classification has no independent legal authority and is thus unconstitutional in line with *Hurlburt's* holding).**  *Hurlburt* and *Rollins* were cases before the Seventh Circuit on direct appeal,

and thus the cases were remanded for resentencing.  In each of those cases, the defendants challenging their sentences were challenging the classification and use of prior crimes as "crimes of violence" under § 4B1.2.

> The Guidelines, Section 4B1.1 classifies a defendant as a career offender if:
>
> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

That section goes on to provide a variety of enhanced calculations and offense levels to determine a 'career offender's' sentencing range.  *See* § 4B1.1.  Section 4B1.2 (a) defines terms used in §4B1.1.  Notably, a "crime of violence" is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

The italicized portion of the crime of violence definition is known as the residual clause—the clause found to be unconstitutionally vague in the ACCA statute, and in the Guidelines  *See Johnson v. United States,* **135 S.Ct. 2551 (2015) (holding that the residual clause of the ACCA was unconstitutionally vague);** *Hurlburt,* **835 F.3d 715 (applying the** *Johnson* **holding to the residual clause of the Guidelines) (overruled by** *Beckles v. United States,* **2017 WL 855781, No. 15-8544, slip op. (S.Ct. March 6, 2017)).**  Section 4B1.2(b) defines "controlled substance offense" as:

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Together, these provisions are utilized to calculate sentencing ranges.

The residual clause language in Section 4B1.2(a), which is italicized above, is verbatim the 'residual clause' language in the Armed Career Criminal Act ("ACCA") 924(e)(2)(B)(ii).  In 2015, the United States Supreme Court found that the residual clause language in the ACCA was unconstitutionally vague, a holding that was subsequently made retroactive by the Court's decision in *Welch v. United States,* **136 S.Ct. 1257, 1265 (2016) (finding that** *Johnson* **was a substantive rule that was retroactively applicable)**. Initially, the Seventh Circuit refused to find the residual clause language unconstitutionally vague in Section 4B1.2 because under existing circuit precedent provisions in the advisory guidelines could not be challenged on due process vagueness grounds.  *See United States v. Tichenor,* **683 F.3d 358 (7th Cir. 2012).**  However, following a number of other precedential decisions from the Supreme Court and the Seventh Circuit, the Seventh Circuit changed course and determined that the sentencing guidelines could in fact be challenged on vagueness grounds.  *See Hurlburt,* **835 F.3d 715.**  The Seventh Circuit simultaneously allowed a vagueness challenge to the residual clause of the guidelines and found that the guidelines residual clause was unconstitutionally vague.  *Id.*

In so holding, the Seventh Circuit leap-frogged ahead of the Supreme Court, where a case was pending on the vagueness of the residual clause in guidelines Section 4B1.2. *See Beckles v. United States*, **136 S.Ct. 2510 (June 27, 2016) (granting certiorari).** *Beckles* has now been decided by the Supreme Court, and will be discussed in detail below. *Beckles v. United States*, **2017 WL 855781, No. 15-8544, slip op. (S.Ct. March 6, 2017).** Despite the pending case, many decisions concerning *Johnson, Welch, Hurlburt, Rollins,* and the like trickled out of courts across the country. Of particular relevance to the present Petition, the Seventh Circuit denied an application to file a second or successive § 2255 petition where the Petitioner's predicate convictions fell within the scope of the "elements" clause of § 4B1.2(a) rather than the residual clause. *Dawkins v. United States*, **809 F.3d 953, 954 (7th Cir. 2016) ("Dawkins cannot show that his sentence violates** *Johnson.* **For the sentence was based not on the residual clause but on prior convictions for carjacking, an element of which is the use or threatened use of force, and on residential burglary, defined in U.S.S.G. § 4B1.2(a)(2) as a 'crime of violence.'").**

Also instructive are the Seventh Circuit's holdings in three cases where the predicate convictions the Petitioners sought to challenge fell within the ambit of the elements or use of force clauses rather than the residual clause. *See Holt v. United*

*States,* **843 F.3d 720, 723-24 (7th Cir. 2016)[2] (denying leave for second or successive §2255 petition on premise that prior conviction was initially classified as a burglary under the elements clause, rather than as a crime under the residual clause of 18 U.S.C. 924(e));** *Stanley v. United States,* **827 F.3d 562, 564 (7th Cir. 2016) ("[T]he sole holding of** *Johnson* **is that the residual clause is invalid.  Johnson does not affect the first portion clause (ii) ("burglary, arson, or extortion, [or] use of explosives") and does not have anything to do with the proper classification of drug offenses or the operation of § 924(e)(2)(B)(i), known as the elements clause, which classifies as a violent felony any crime punishable by a year or more in prison that 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'  The Guidelines contain the same language.  U.S.S.G. § 4B1.2(a)(1).");** *Yates v. United States,* **842 F.3d 1051, 1052 (7th Cir. 2016) (holding that 3 prior convictions for battery fit within the scope of the elements clause of 18 U.S.C. § 924 and that** *Johnson* **did not affect the elements clause of §924(e)).**  Presented with arguments about these predicate convictions, the Seventh Circuit methodically determined that petitioners could not take a back door in to the unconstitutional residual clause by attempting to argue that their predicate convictions could not satisfy

---

[2] "The possibility that after *Johnson* defendants may have a stronger incentive to contest the classification of convictions under the elements clause—in the hope of moving them to the residual clause and thus eliminating them from the set of violent felonies—has nothing to do with Holt's situation.  His burglary conviction was classified as a violent felony under the burglary clause.  Nothing in *Johnson, Welch,* or *Stanley* affects the proper treatment of burglary convictions.  So Holt's second collateral attack cannot rest on *Johnson*."  **Holt,** 843 F.3d at 723.

the elements or force clauses and instead should have initially been characterized under the residual clause.

Most recently, the United States Supreme Court spoke again on *Johnson* and its progeny, holding that *Johnson's* vagueness rationale did not apply to the Sentencing Guidelines. **Beckles v. United States, 2017 WL 855781, No. 15-8544, slip op. (S.Ct. March 6, 2017).** This holding definitively overrules **Hurlburt, 835 F.3d 715**, but does not implicate the rationale behind **Stanley, 827 F.3d 562**. A much more thorough discussion of how prior convictions are classified under the residual clause, or otherwise, could be had, but the Court finds that topic fruitless in light of *Beckles*. For the reasons set forth below, the Court finds that Petitioner's claims lack merit under controlling precedent.

IV.    **Legal Analysis**

In the present matter, Petitioner's arguments fail because the prior convictions used as predicate offenses to enhance his sentencing range under § 4B1.2(b) are not constitutionally infirm in any way. As the Government and the appointed Federal Public Defender both contend—Petitioner's prior convictions do not comport with *Johnson, Welch, Beckles* or other Seventh Circuit progeny. Petitioner's arguments in his own reply brief do not change anything. Petitioner's sentence was enhanced based on at least two prior convictions for drug offenses. The "controlled substance offense" prong of § 4B1.2(b) has not been found to suffer the same constitutional infirmity as the residual clause of § 4B1.2(a). Because Petitioner's prior convictions fit squarely within

the "controlled substance offense" prong, there is no need to assess the applicability of the residual clause.

Petitioner tries to argue that the categorical or modified categorical approach should be applied to determine if state convictions are the same or more narrowly defined than counterparts in federal statutes or the guidelines, but this argument is unavailing because, at best, the argument is time barred as it relies on *Descamps v United States*, **133 S.Ct. 2276 (2013).** What is more, the Court has no need to engage in a categorical or modified categorical analysis of the predicate offenses because those convictions qualify as predicates under the "controlled substance prong" of § 4B1.2 rather than the "crime of violence" clause. Additionally, *Beckles* forecloses challenges to the Guidelines of vagueness grounds. The Seventh Circuit in *Stanley* noted that *Johnson, Welch,* and the like lead first to a flurry and then to a blizzard of filings by inmates seeking to contest the classification of prior convictions, but that many of those seeking relief had "misunderstood the effect of *Johnson*." *Stanley*, 827 F.3d at 564. Petitioner unfortunately falls in the camp of those who misunderstood, or did not qualify for *Johnson* relief.

Additionally, as to Petitioner's ineffective assistance of counsel claim, this argument also lacks merit because counsel is not ineffective for failing to forecast a change in binding precedent. At the time of sentencing, neither the ACCA nor the Guidelines residual clauses were constitutionally infirm, so counsel was not deficient

for failing to challenge a sentencing enhancement on these grounds.  In light of the Supreme Court's holding in *Beckles*, the interpretation Petitioner urges is still foreclosed today.  Thus, Petitioner's ineffective assistance of counsel claim necessarily fails.

### V.     Pending Motions

As the record "conclusively demonstrates that [petitioner] is entitled to no relief," the Petitioner's request for an evidentiary hearing (Doc. 19 at p. 11) is **DENIED**. *Prewitt v. United States*, **88 F.3d 812, 820 (7th Cir. 1996).**

### VI.     Certificate of Appealability

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Thus, the Court must determine whether Petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A certificate of appealability is required before a petitioner may appeal a district court's denial of his habeas corpus petition.  A petitioner is entitled to a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-el v. Cockrell*, **537 U.S. 322, 336 (2003) (quoting** *Slack v. McDaniel*, **529 U.S. 473, 484 (2000)).**

Here, the undersigned finds no basis for a determination that the Court's instant decision to dismiss petitioner's claims is debatable or incorrect.  For the reasons stated above, petitioner asserted two meritless claims that reasonable jurists would conclude provide no basis for relief.  Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

**VII.    Conclusion**

Based on the foregoing analysis, Petitioner Wilson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** and his case is **DISMISSED with prejudice**.  The Clerk of the Court is **DIRECTED** to enter judgment accordingly.  Further, no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED: March 21, 2017

_s/ Michael J. Reagan_
Michael J. Reagan
United States District Judge